AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Tina Rae Wood | ) | Case No: CR 21-31-M-DWM |
| | ) | USM No: 62423-509 |
| Date of Original Judgment: 03/25/2022 | ) | |
| Date of Previous Amended Judgment: | ) | |
| *(Use Date of Last Amended Judgment if Any)* | | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 32.) Part B, subpart 1 provides a two-level offense level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023).

Here, Defendant's prior convictions resulted in a total criminal history score of zero. (PSR ¶¶ 44-45.) However, Defendant is ineligible for a sentence reduction because she personally caused "substantial financial hardship" to the victim of the offense; therefore, she does not satisfy the criteria set forth in §4C1.1(a). Defendant admitted to using her position as operation manager to take advantage of her employer, ultimately embezzling well over $650,000 from him. (*See* PSR ¶¶14–24.) The total sum of money embezzled is significant, and the other evidence of harm in the record sufficiently supports the Court's finding at sentencing that her "actions substantially harmed her employer," financially. Because Defendant is ineligible for a sentence reduction under the retroactive application of Amendment 821, her motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: May 30, 2024

Judge's signature

Effective Date: _____
*(if different from order date)*

Donald W. Molloy, District Judge
Printed name and title